GUSTAFSON, J.
The two defendants are deckhands .of the sportfishing boat Coroloma which returned to its landing about 6 p.m., October 8, 1967. After the boat docked, passengers were handed sacks of fish by the deckhands. Two passengers were stopped when they disembarked by two fish and game wardens (Fish & G. Code, §§ 851, 878) who, the trial court found, could reasonably infer that the sacks contained fish, although the contents of the sacks could not be seen by the wardens. The wardens, without-the consent of either passenger, opened the sacks and found 116 fillets of fish. Each of the deckhands was thereupon issued a citation charging him with possessing on a boat “fish in such a condition that the species cannot be determined” in violation of section 5509 of the Fish and Game Code. The defendants’ motions to suppress evidence of the contents of the sacks having been granted (Pen. Code, § 1538.5) and the cases having been dismissed before jeopardy attached, this appeal by the prosecution lies. (Pen. Code, § 1466.)
The wardens had no cause to believe that either passenger had committed any crime and had no reason to believe that the sacks contained fish which were in such condition that the species could not be determined. The determinative question, therefore, is whether a warden may under the circumstances here involved search a sack without a warrant.
The prosecution relies upon the statutes which provide that a warden “may inspect ... all receptacles . . . where . . . fish . . . may be stored, placed, or held for . . . storage” (Fish & G. Code, §1006) and that “fish . . . taken or *1028 otherwise dealt with under the provisions of this code . . - shall be exhibited upon demand to any person authorized by the department to enforce the provisions of this code or any law relating to the protection and conservation of . . . fish. . . .” (Fish & G. Code, § 2012.)
The defendants first contend that any right of inspection is conditioned upon a demand being first made by a warden that fish be exhibited and that no such demand was made in this case. We do not read section 2012 of the Fish and Game Code as qualifying all of the other provisions of the code relating to inspection. Father we think that the section supplements the other provisions and gives a warden the opportunity to charge a violation of that section if a person possesses fish which he refuses to exhibit upon demand. The section imposes a duty on a person to exhibit fish upon demand rather than a duty on a warden to make a demand to exhibit. There may be occasions when refusal of a demand if followed by an attempted forcible inspection would lead to violence all out of proportion to the offense, if any, involved and the Legislature may well have had such occasions in mind when it- made mere refusal to exhibit a crime. Moreover, here the warden said “if you wánt this [inspection]- to go faster untie your bags” which statement appears to us to have no meaning other than a demand that fish be exhibited.
Defendants next contend that- if the search was purportedly authorized by statute, it nevertheless was invalid as violative of the Fourteenth Amendment (incorporating the 4th) of the United States Constitution and of article 1, section 19 of the California Constitution. Both prohibit unreasonable searches and seizures. We think that the search made here and the subsequent, seizure of fish (Fish & G. Code, § 12159), each pursuant to statute, were not unreasonable. We emphasize, that our holding is confined to the facts of this ease. A search and seizure under different circumstances, even though purportedly allowed by statute, might well be unreasonable. We note that the Legislature itself is not insensitive to the invasion of privacy which a search may involve since it. prohibits search of “the clothing actually worn by a person at the time of inspection” and of “dwellings.” (Fish & G. Code, § 1006.) Defendants’ reliance on Camara v. Municipal Court (1967) 387 U.S. 523 [18 L.Ed.2d 930, 87 S.Ct. 1727] and See v. Seattle (1967) 387 U.S. 541 [18 L.Ed.2d 943, 87 S.Ct. 1737] is misplaced. In Camara, the court emphasized that the test of Avhether a Avarrant is necessary “depends in *1029 part upon whether the burden of obtaining a warrant is likely to frustrate the governmental purpose behind the search.” Where “there is no compelling urgency to inspect at a particular -time or on a particular day ’ ’ a warrant is necessary. When a passenger disembarks from a fishing boat carrying a sack which a warden reasonably believes to contain fish, there is a compelling urgency to inspect the sack at that moment because not to do so would frustrate the governmental purpose behind the search. Camara upheld the right to search in given situations “without a further showing of cause to believe” that the search will reveal any violation of the law. The interest of the state in regulating fishing is well established and the right to search to determine whether a person has a fish of a forbidden species or one which is not of proper size or too many fish does not turn upon whether the warden thinks he will find such a violation. In this sense the search may well be “routine,” but the reason for permitting it td occur without a warrant is that if the search cannot be made immediately, it will usually be totally impossible to make it.
Since the order in each case suppressing the evidence was improper, each judgment of dismissal is reversed.
Willard, P. J., and Beach, J., concurred.